**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7166**

DANIEL TAYLOR,

       Plaintiff - Appellant,

    v.

UNIT MANAGER SANTOS; SERGEANT COOKE; ASSISTANT WARDEN RUSSELL,

       Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:23-cv-00608-EKD-JCH)

Submitted: February 27, 2024               Decided: March 1, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Daniel Taylor, Appellant Pro Se

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Taylor applies under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), to appeal without prepayment of fees the district court's order dismissing his 42 U.S.C. § 1983 complaint.  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 12, 2023.  Taylor filed the notice of appeal on November 20, 2023,[*] and the district court denied his motion for an extension of time to appeal.  Because Taylor failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  Additionally, we deny Taylor's application to proceed without prepayment of fees under the PLRA.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Taylor could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).